UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN L. DIXON,

                         Plaintiff,

   v.                                                 **DECISION AND ORDER**
                                                              05-CV-514S
JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

1.     Plaintiff Kevin L. Dixon challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he became disabled on May 25, 1998, due to a back injury and attendant pain. Plaintiff contends that his physical impairments and pain render him unable to work. He therefore asserts that he is entitled to payment of benefits under the Act.

2.     Plaintiff filed his application for disability insurance benefits on January 29, 1999. His application was denied initially on April 28, 1999, and again on reconsideration on July 27, 1999. Plaintiff requested a hearing and appeared before an ALJ with his attorney on March 9, 2000. The ALJ considered Plaintiff's case *de novo*, and on June 12, 2000, issued a decision denying Plaintiff's application for benefits. Plaintiff appealed to the Appeals Council and submitted additional evidence. On May 27, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on July 22, 2005, challenging Defendant's final decision.[1]

---

[1] The ALJ's June 12, 2000 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3. On January 3, 2006, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a Cross-Motion for Summary Judgment on March 3, 2006. This Court took the motions under advisement without oral argument on April 7, 2006. For the reasons stated below, Plaintiff's motion will be granted and Defendant's motion will be denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.	The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.	This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.	While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

3

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

       9.     In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 24, 31);[2] (2) Plaintiff's impairments qualified as "severe" within the meaning of the Act (R. at 24, 31); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 24, 31); (4) Plaintiff retained the residual functional capacity to "perform the physical exertion requirements of work except for lifting more than fifteen pounds or repetitively bending and twisting" and to "perform a limited range of light work and the full range of sedentary work" (R. at 29, 30, 31); and (5) Plaintiff is unable to perform his past relevant work as a set-up/stamper in a precious metal plant, but considering his residual functional capacity, age, education and work experience, he is capable of performing jobs that exist in the national economy and is therefore not disabled (R. at 30-31).

      10.    Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive.  Plaintiff argues that the ALJ failed to consider and discuss his good employment history as part of the credibility determination. "A claimant with a good work

---

[2] Citations to the underlying administrative record are designated as "R."

record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

In the present case, it appears undisputed that Plaintiff has a lengthy and good work history. Plaintiff worked as a set-up/stamper at a precious metals plant for more than fourteen years prior to his injury. (R. at 70-72, 81, 106.) In light of the fact that Plaintiff was forty years old at the time he stopped working, a fourteen year work history is lengthy.

Furthermore, beyond Plaintiff's lengthy work history, there is evidence in the record that Plaintiff was a good employee. His reputation with his employer was such that he was able to secure employment for a number of his relatives (R. at 109), he was member of his employer's emergency response team (R. at 199), and he reported to his doctor that he "likes his job and his co-workers and want to be able to get back to his normal activities as quickly as possible" (R. at 169).

Based on this work history, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that he is unable to work because of his disability or specifically state in

her decision why Plaintiff was not credible despite his work history. Rivera, 717 F.2d at 725. However, the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, she afforded it.[3] The credibility finding therefore does not comply with the governing case law. Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and afford it the weight required by law.

11. The legal error identified above is significant because it impacts several of the ALJ's other determinations. For example, the ALJ's consideration of Plaintiff's exertional and non-exertional impairments, and her assessment of Plaintiff's residual functional capacity, were informed by her disbelief of Plaintiff's subjective reports of overwhelming pain. If in fact the ALJ determines that Plaintiff is entitled to substantial credibility or even favorable credibility, her determinations on these issues will necessarily be different. The ALJ shall therefore revisit these issues, which Plaintiff raises in her summary judgment motion, on remand as well.

12. Finally, this Court addresses Plaintiff's remaining arguments. First, he argues that the Commissioner failed to review new and material evidence. However, a review of the evidence submitted to the Appeals Council reveals that it all post-dates the relevant time period of May 25, 1998, through June 12, 2000. The Appeals Council's treatment of this new evidence was therefore not improper. Second, he argues that the ALJ failed to properly evaluate the medical evidence. Because this case will be remanded, this Court offers no opinion at this time on the ALJ's weighing or consideration of the medical evidence before her.

---

[3] Beyond noting that Plaintiff has past relevant work experience as a set-up/stamper at a precious metal plant (R. at 23, 31), the ALJ did not discuss Plaintiff's work history.

13. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Cross-Motion for Summary Judgment is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Plaintiff's Cross-Motion for Summary Judgment (Docket No. 12) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: August 23, 2006
       Buffalo, New York

                                           /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge